```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA,

          - against -   **MEMORANDUM & ORDER**

RAYMOND PASTURES   06 CR. 832 (NRB)

                  Defendant.

----------------------------------X
**NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE**

On December 24, 2008, defendant filed a "Motion for the Court to Apply Equitable Tolling to Reinstate the Petitioners [sic] Appeal Rights; Also For This Court to Issue an Injunction That Will Allow Ayana [sic] Thomas to Remain on Bond and For Appointment of Counsel 18 U.S.C. § 3006(A)." Pastures asks the court to grant the following relief: (1) to reinstate defendant's appeal rights; (2) to allow defendant's wife, Ayanna Thomas, to remain out on bail pending appeal; and (3) to appoint counsel. Defendant's second request, as to his wife, was denied in the Court's January 13, 2009 Order. Issues (1) and (3) are addressed below only insofar as they apply to Pastures for as we have previously noted, he has no standing to appeal on behalf of his wife.

**Defendant's Motion to Reinstate His Appeal Rights**

Defendant's motion to reinstate his appeal rights is in substance a claim that attorney Alan C. Lippel, Esq. provided constitutionally ineffective assistance of counsel by failing to file a requested notice of appeal. See Campusano v. United States, 442 F.3d 770, 771-72 (2d Cir. 2006). An attorney who fails to file a notice of appeal when requested by his client is constitutionally ineffective, regardless of whether defendant agreed to waive his appeal in his plea agreement. Id. When counsel fails to do so, prejudice is presumed and defendant is entitled to a direct appeal regardless of the merit of the appeal. Id.; Roe v. Flores Ortega, 528 U.S. 470 (2000).

The government suggests and we agree that the proper vehicle for filing such an ineffective assistance of counsel claim is 28 U.S.C. § 2255 ("§ 2255"), since the failure to file a notice of appeal precludes defendant from pursuing his ineffective assistance claim on direct appeal. Further, Castro v. United States requires the Court to follow certain procedures before recharacterizing an ambiguous pro se prisoner's motion as one under § 2255. 540 U.S. 375, 383 (2003). Specifically, the court must: (1) "notify the pro se litigant that it intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, (3) and provide the litigant an opportunity to withdraw

2

the motion or to amend it so that it contains all the § 2255 claims he believes he has." Id.

Thus, we hereby notify defendant that we intend to recharacterize his motion as one under § 2255. We further warn defendant that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions. Under § 2255 and 28 U.S.C. § 2244, a "second or successive motion must be certified ... by a panel of the appropriate court of appeals" to contain: (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Finally, we hereby provide defendant with the opportunity to withdraw this motion or amend it so as to bring all of his § 2255 claims in a single petition. Mr. Lippel is not required to respond to defendant's motion at the present time until defendant determines how he will proceed.

**Defendant's Request for the Appointment of Counsel**

In determining whether a pro se litigant should be appointed counsel pursuant to 18 U.S.C. § 3006(a)(2)(B), the courts in this circuit consider: (1) the movant's likelihood of

3

success on the merits, (2) the complexity of the legal issues involved; and (3) the petitioner's ability to investigate and present the case. Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1985). Here, if defendant proceeds under § 2255 there seem to be several issues which impact negatively on his likelihood of success. First, as a threshold matter, defendant's motion does not appear timely at as his conviction became final more than one year ago. Further, defendant agreed in his plea agreement to waive his appeal rights and his rights to collateral attack and he has suggested no reason to be relieved of that waiver. Consequently, defendant's request for the appointment of counsel is denied without prejudice.

## Conclusion

For the reasons stated above, defendant's motions are denied.

Dated:    New York, New York
          February 10, 2009

                                              /s/ Naomi Reice Buchwald
                                         ───────────────────────────────
                                         NAOMI REICE BUCHWALD
                                         UNITED STATES DISTRICT JUDGE

4

A copy of the foregoing Order has been mailed on this date to the following:

Daniel W. Levy, Esq.
Assistant United States Attorney
One Saint Andrew's Plaza
New York, NY 10007

Raymond Pastures
FCI Ford Dix
P.O. Box 2000 West
Fort Dix, NJ 08640