```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA,

            - against -                    MEMORANDUM & ORDER

RAYMOND PASTURES                           06 CR. 832 (NRB)

                        Defendant.

------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On December 24, 2008, defendant filed a "Motion for Permanent Injunction Modification [sic] of Restitution," and on January 24, 2009, defendant filed a "Motion for Status Report Concerning Motion for Permanent Injunctive Relief Concerning Restitution." In the first motion, defendant requested that his restitution order be modified so that he would not have to make payments toward it until after he was released from prison. In his second, he cites his Amended Judgment, which requires him to pay 10% of his gross earnings after his release from prison toward his restitution, as evidence of the Court's intent to absolve him from making such payments while incarcerated.

While defendant is correct that the order requires him to pay 10% of his gross earnings after release from prison toward his restitution, it gives no instructions as to what percentage

of his pay should be deducted while he is incarcerated. Beneath the section of the Amended Judgment which refers to restitution payments, it reads: "Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment." No such express order has been made here.

Chapter 28 of the Code of Federal Regulations section 545.10 and 545.11 governs defendant's financial responsibilities while incarcerated. Attached to this Memorandum and Order is a copy of those provisions. Generally, it is the responsibility of the Bureau of Prisons staff to determine repayment plans. We do not believe that any showing has been made that any obligation imposed by prison officials is so extraordinary as to warrant interference with Bureau of Prisons procedures.

Consequently, we are denying both of defendant's motions.

**SO ORDERED**

Dated:   New York, New York
         February 10, 2009

                                    /s/ Naomi Reice Buchwald
                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

A copy of the foregoing Order has been mailed on this date to the following:

Daniel W. Levy, Esq.
Assistant United States Attorney
One Saint Andrew's Plaza
New York, NY 10007

Raymond Pastures
FCI Ford Dix
P.O. Box 2000 West
Fort Dix, NJ 08640

[Left column — partially obscured]

The cer-
inmate
ts to re-
ne or a
ag cat-

es—high
n train-
issued
tate de-
r recog-
ganiza-

es and
ees or
issued
d edu-

pment
the

utside
indus-
para-

s—ap-
pation
nuing
ertifi-
com-
stitu-
te as
(4) of

mate
pro-
, on-
and
ate's
t to
idus-

nate
ll be
and
ides

in-
ons

with library services necessary for ed-
cational, cultural, and leisure activi[ties].
The Warden shall ensure that the in-
mate library has a wide variety of
reading materials. Library servic[es]
shall ordinarily be available to all in-
mates daily, including evenings a[nd]
weekends, except in detention faciliti[es]
where service shall be scheduled as fre-
quently as possible to ensure reason[-]
able access.

[46 FR 24900, May 1, 1981]

§ 544.101 Procedures.

(a) The Warden shall assign a staff
member (ordinarily the Supervisor of
Education) responsibility for the in-
mate library.

(b) The inmate library shall offer an
inmate a variety of reading materials,
including, but not limited to, periodi-
cals, newspapers, fiction, non-fiction,
and reference books.

(c) Where the population of an insti-
tution includes inmates of foreign ori-
gin, staff shall attempt to provide read-
ing materials in the inmates' language.

(d) Inmate library services shall be
made available to inmates in special
housing units.

(e) The Warden or designee may au-
thorize the use of inmates as library
assistants.

[46 FR 24900, May 1, 1981]

## PART 545—WORK AND COMPENSATION

### Subpart A [Reserved]

### Subpart B—Inmate Financial Responsibility Program

Sec.
545.10 Purpose and scope.
545.11 Procedures.

### Subpart C—Inmate Work and Performance Pay Program

545.20 Purpose and scope.
545.21 Definitions.
545.22 Institution work and performance pay committee.
545.23 Inmate work/program assignment.
545.24 Inmate work conditions.
545.25 Eligibility for performance pay.
545.26 Performance pay provisions.
545.27 Inmate vacations.
545.28 Achievement awards.
545.29 Special awards.

[Middle column — partially obscured]

...unds due deceased inmates.
Training.

### Subpart D [Reserved]

[AUTH]ORITY: 5 U.S.C. 301; 18 U.S.C. 3013, 3571,
[36]21; 3622, 3624, 3663, 4001, 4042, 4081, 4082
[appli]ed in part as to offenses committed
[af]ter November 1, 1987), 4126, 5006-5024
[(repea]led October 12, 1984 as to offenses com-
[mitted] after that date), 5039; 28 U.S.C. 509;
[28] CFR 0.95-0.99.

### Subpart A [Reserved]

### Subpart B—Inmate Financial Responsibility Program

[SOU]RCE: 56 FR 23477, May 21, 1991, unless
[other]wise noted.

§ [545.]10 Purpose and scope.

[Th]e Bureau of Prisons encourages
[each] sentenced inmate to meet his or
[her l]egitimate financial obligations. As
[part] of the initial classification proc-
[ess,] staff will assist the inmate in de-
[velo]ping a financial plan for meeting
[thos]e obligations, and at subsequent
[prog]ram reviews, staff shall consider
[the] inmate's efforts to fulfill those ob-
[liga]tions as indicative of that individ-
[ual']s acceptance and demonstrated
[leve]l of responsibility. The provisions
[of t]his rule apply to all inmates in fed-
[era]l facilities, except: Study and obser-
[vati]on cases, pretrial detainees, and in-
[ma]tes in holdover status pending des-
[ign]ation.

§ [54]5.11 Procedures.

[W]hen an inmate has a financial obli-
[ga]tion, unit staff shall help that in-
[ma]te develop a financial plan and shall
[mo]nitor the inmate's progress in meet-
[in]g that obligation.

(a) *Developing a financial plan.* At ini-
[tia]l classification, the unit team shall
[re]view an inmate's financial obliga-
[ti]ons, using all available documenta-
[ti]on, including, but not limited to, the
[P]resentence Investigation and the
[J]udgment and Commitment Order(s).
The financial plan developed shall be
documented and will include the fol-
lowing obligations, ordinarily to be
paid in the priority order as listed:

(1) Special Assessments imposed
under 18 U.S.C. 3013;

(2) Court-ordered restitution;
(3) Fines and court costs;
(4) State or local court obligations;
and
(5) Other federal government obliga-
tions.

(b) *Payment.* The inmate is respon-
sible for making satisfactory progress
in meeting his/her financial responsi-
bility plan and for providing docu-
mentation of these payments to unit
staff. Payments may be made from in-
stitution resources or non-institution
(community) resources. In developing
an inmate's financial plan, the unit
team shall first subtract from the trust
fund account the inmate's minimum
payment schedule for UNICOR or non-
UNICOR work assignments, set forth in
paragraphs (b)(1) and (b)(2) of this sec-
tion. The unit team shall then exclude
from its assessment $75.00 a month de-
posited into the inmate's trust fund ac-
count. This $75.00 is excluded to allow
the inmate the opportunity to better
maintain telephone communication
under the Inmate Telephone System
(ITS).

(1) Ordinarily, the minimum payment
for non-UNICOR and UNICOR grade 5
inmates will be $25.00 per quarter. This
minimum payment may exceed $25.00,
taking into consideration the inmate's
specific obligations, institution re-
sources, and community resources.

(2) Inmates assigned grades 1 through
4 in UNICOR ordinarily will be ex-
pected to allot not less than 50% of
their monthly pay to the payment
process. Any allotment which is less
than the 50% minimum must be ap-
proved by the Unit Manager. Allot-
ments may also exceed the 50% min-
imum after considering the individ-
ual's specific obligations and resources.

(c) *Monitoring.* Participation and/or
progress in the Inmate Financial Re-
sponsibility Program will be reviewed
each time staff assess an inmate's dem-
onstrated level of responsible behavior.

(d) *Effects of non-participation.* Re-
fusal by an inmate to participate in the
financial responsibility program or to
comply with the provisions of his fi-
nancial plan ordinarily shall result in
the following:

(1) Where applicable, the Parole Com-
mission will be notified of the inmate's
failure to participate;

§ 545.20                                                        28 CFR Ch. V (7-1-06 Edition)

(2) The inmate will not receive any furlough (other than possibly an emergency or medical furlough);

(3) The inmate will not receive performance pay above the maintenance pay level, or bonus pay, or vacation pay;

(4) The inmate will not be assigned to any work detail outside the secure perimeter of the facility;

(5) The inmate will not be placed in UNICOR. Any inmate assigned to UNICOR who fails to make adequate progress on his/her financial plan will be removed from UNICOR, and once removed, may not be placed on a UNICOR waiting list for six months. Any exceptions to this require approval of the Warden;

(6) The inmate shall be subject to a monthly commissary spending limitation more stringent than the monthly commissary spending limitation set for all inmates. This more stringent commissary spending limitation for IFRP refusees shall be at least $25 per month, excluding purchases of stamps, telephone credits, and, if the inmate is a common fare participant, Kosher/Halal certified shelf-stable entrees to the extent that such purchases are allowable under pertinent Bureau regulations;

(7) The inmate will be quartered in the lowest housing status (dormitory, double bunking, etc.);

(8) The inmate will not be placed in a community-based program;

(9) The inmate will not receive a release gratuity unless approved by the Warden;

(10) [Reserved]

(11) The inmate will not receive an incentive for participation in residential drug treatment programs.

[56 FR 23477, May 21, 1991, as amended at 59 FR 15825, Apr. 4, 1994; 59 FR 16406, Apr. 6, 1994; 59 FR 53345, Oct. 21, 1994; 60 FR 240, Jan. 3, 1995; 61 FR 91, Jan. 2, 1996; 64 FR 72799, Dec. 28, 1999]

### Subpart C—Inmate Work and Performance Pay Program

SOURCE: 49 FR 38915, Oct. 1, 1984, unless otherwise noted.

§ 545.20 Purpose and scope.

(a) The Bureau of Prisons operates an inmate work program within its institutions. To the extent practicable, the work program:

(1) Reduces inmate idleness, while allowing the inmate to improve and/or develop useful job skills, work habits, and experiences that will assist in post-release employment; and

(2) Ensures that activities necessary to maintain the day-to-day operation of the institution are completed. Sentenced inmates who are physically and mentally able to work are required to participate in the work program. When approved by the Warden or designee, drug treatment programming, education, or vocational training may be substituted for all or part of the work program.

(b) The Warden may recognize an inmate's work performance or productive participation in specified correctional programs by granting performance pay.

[49 FR 38915, Oct. 1, 1984, as amended at 61 FR 379, Jan. 4, 1996]

§ 545.21 Definitions.

(a) *Physically and mentally able.* For purposes of this rule, this shall include inmates with disabilities who, with or without reasonable accommodation, can perform the essential function of the work assignment.

(b) *Institution work assignment.* A work assignment which contributes to the day-to-day operation of the institution (e.g., carpentry, plumbing, food service).

(c) *Industry assignment.* A Federal Prison Industries (FPI) work assignment.

(d) *Commissary assignment.* A Trust Fund work assignment.

(e) *Full-time work assignment.* A work assignment to which an inmate is assigned for the entire scheduled work day.

(f) *Part-time work assignment.* A work assignment to which an inmate is assigned for only a portion of the scheduled work day. Part-time work assignments are ordinarily made in conjunction with drug treatment programming, education, and/or vocational training programs.

(g) *Medically unassigned.* An inmate who, because of medical restrictions, is unable to be assigned to any work program.

(h) *Light duty work assignment.* A work assignment in which an inmate may, because of physical limitations, temporary or otherwise, only perform limited work functions, e.g., sedentary work, no prolonged standing, no lifting over 25 lbs., etc.

[49 FR 38915, Oct. 1, 1984, as amended at 61 FR 379, Jan. 4, 1996]

§ 545.22 Institution work and performance pay committee.

(a) The Warden at each Bureau of Prisons institution is to establish an Institution Inmate Work and Performance Pay Committee to administer the institution's work and performance pay program. The Committee is to be comprised of an Associate Warden, the Inmate Performance Pay Coordinator, and any other member(s) the Warden considers appropriate.

(b) The Committee is responsible for approving the following aspects of the institution's inmate work and performance pay program:

(1) Number of inmates on each work detail;

(2) Number of pay grades in each detail;

(3) Job descriptions;

(4) Performance standards;

(5) Budgeting for special act awards; and

(6) Bonus pay/special bonus pay procedures.

§ 545.23 Inmate work/program assignment.

(a) Each sentenced inmate who is physically and mentally able is to be assigned to an institutional, industrial, or commissary work program. Exception shall be made to allow for inmate participation in an education, vocational, or drug abuse treatment program, on either a full or part-time basis, where this involvement is mandated by Bureau policy or statute (for example, the Literacy Program). Where such participation is not required by either policy or statute, exception may be made to allow an inmate to participate in an education, vocational, or drug abuse treatment program rather than work full-time upon the request of the inmate and approval of the Warden or designee.

632