USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/8/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

RAYMOND PASTURES,

                    Petitioner,

          - against -                          **MEMORANDUM AND ORDER**

UNITED STATES OF AMERICA,                       09 Civ. 4395 (NRB)

                    Respondent.
----------------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

     Petitioner Raymond Pastures ("petitioner" or "Pastures"),
currently an inmate at Fort Dix, brings this pro se petition for
a writ of habeas corpus pursuant to 28 U.S.C. § 2255, alleging
that he is being held in violation of his constitutional rights.
Specifically, petitioner challenges a sentence entered by this
Court on November 13, 2007, following a guilty plea to (1)
conspiracy to commit bank fraud, in violation of 18 U.S.C. §
1349; and (2) conspiracy to launder the proceeds of bank fraud,
in violation of 18 U.S.C. § 1956(h).  Petitioner claims that he
received ineffective assistance of counsel because his attorney
failed to file an appeal on his behalf following the plea.
(Petition for Writ of Habeas Corpus ("Pet.") at 5-6.)

     For the reasons set forth below, the petition is denied.

## BACKGROUND

Petitioner signed a plea agreement with the government, and pled guilty before this Court, on August 8, 2007. The agreement provided that if petitioner received a sentence that fell within or below the parties' stipulated sentencing guidelines range of 41 to 51 months, he would "not file a direct appeal, nor litigate" under 28 U.S.C. § 2255 or 28 U.S.C. § 2241. (Plea Agreement at 5.) During the plea allocution, the Court confirmed that petitioner understood that he was waiving his right to appeal his sentence:

THE COURT: And do you understand that you've agreed if you get a sentence within the stipulated guidelines range that you've agreed not to appeal or otherwise litigate or challenge that sentence?

THE DEFENDANT: Yes.

(8/8/07 Tr. 10.)

On November 13, 2007, the Court sentenced petitioner to a term of 41 months of imprisonment and five years of supervised release. (11/3/07 Tr. at 10.) At the sentencing hearing, petitioner was again reminded that he had waived his right to appeal the sentence pursuant to the plea agreement. (Id. at 12.) Pastures nevertheless filed the instant petition on April 6, 2009.

2

## DISCUSSION

The government opposes Pastures' petition on three principal grounds. First, the government argues that the petition is untimely. Second, the government contends that even if the petition were not time-barred, Pastures nevertheless waived his right to directly appeal his sentence, and thus the alleged failure of his attorney to file an appeal on his behalf cannot serve as the predicate for an ineffective assistance claim. Third, the government argues that even if the petition were timely and even if Pastures had not waived his right to appeal, his petition must still be denied because he did not, in fact, ask his lawyer to file an appeal.

We agree with the government that the petition is untimely. Beyond this, we refuse to conclusively hold that petitioner has waived his right to appeal, since Second Circuit caselaw prevents us from doing so in this context. Nevertheless, we agree with the government that even if the petition were timely, and setting aside the waiver, the petition must also be denied because the evidence before the Court clearly indicates that

3

petitioner never actually requested that his lawyer file an appeal on his behalf.[1]

## I.   Timeliness of Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for motions filed under § 2255.  As is relevant here, the one-year limitations period begins to run from the "date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f).

For the purposes of a § 2255 petition, "an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."  Moisher v. United States, 402 F.3d 116, 118 (2d Cir. 2005).  The judgment on petitioner's underlying conviction was amended on November 30, 2007, and the conviction became final on December 14, 2007.  See Fed. R. App. P. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after

---

[1] The government's opposition briefly raises two additional, related arguments, both of which we reject: (1) that this petition is a second or successive one; and (2) that we have already declined to grant petitioner his requested relief.  It is true that on December 24, 2008, petitioner presented a similar claim to the Court through a motion entitled "Motion for the Court to Apply Equitable Tolling to Reinstate the Petitioners [sic] Appeal Rights; Also For This Court to Issue an Injunction That Will Allow [co-defendant] Ayana Thomas to Remain on Bond and For Appointment of Counsel 18 U.S.C. § 3006(A)." In an order dated February 10, 2009, we indicated that the proper vehicle for petitioner's ineffective assistance claim was a § 2255 petition and advised him that he could either withdraw the motion or amend it so that it contained all the § 2255 claims that he believed he had.  However, in two separate submissions (filed on February 11, 2009 and February 24, 2009), petitioner explicitly stated that he did not wish to reclassify the December 24, 2008 motion as a § 2255 petition.  Thus, we treat the instant petition as Pastures' first.

4

the entry of either the judgment or the order being appealed.").
Thus, under AEDPA, petitioner had until December 14, 2008 to
file a petition under § 2255.

The instant petition was not filed until April 6, 2009,
well after the one-year limitations period lapsed.   Although
petitioner first raised this claim in an earlier filing that was
not styled as a § 2255 motion, even that filing did not occur
until December 24, 2008.   See supra note 1.   Accordingly, the
instant petition is untimely under AEDPA.[2]

## II. Petitioner's Waiver of Appeal and Ineffective Assistance Claim

Petitioner claims that he instructed Alan Lippel, his
lawyer in the underlying criminal proceeding, to file an appeal
following his sentencing.   (Pet. at 4.)   He maintains that when

---

[2] In an abundance of caution, we note that in submissions to the
Court that predated the instant motion, petitioner claimed to be
having difficulties retrieving his case file from his attorney and
requested equitable tolling of the statute of limitations for filing a
direct appeal from his conviction.   The suggestion that the file was
being willfully withheld was contradicted by a letter from the
attorney, dated December 8, 2008, in which he explained that he had
twice attempted to send the file but that petitioner had failed to
make the necessary arrangements in prison for its delivery.
Regardless, the requests for equitable tolling were unsuccessful,
since even the first submission to the Court that raised this issue
(dated December 24, 2008) came long after the limitations period on
the direct appeal had lapsed.   Moreover, petitioner has never
explicitly sought equitable tolling of the AEDPA limitations period on
the instant petition.

However, were we to very generously construe the totality of
petitioner's numerous submissions to this Court, we might read them to
include a request for equitable tolling as to his § 2255 claim.   We
need not analyze such an argument in detail, as there is an
independent and sufficient basis for denying the petitioner apart from
its apparent untimeliness.

5

Lippel failed to do so, he began the process of acquiring his files from Lippel and asking the Court to equitably toll the limitations period on his direct appeal.

Petitioner bears the burden of proof by a preponderance of the evidence in this § 2255 petition. See, e.g., Chang v. United States, 250 F.3d 79, 85 (2d Cir. 2001); Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000). However, because petitioner's unsupported assertions are conclusively refuted by an affidavit from Lippel and telephone records from the prison, he cannot carry his burden, and the petition must therefore be denied.

## A.  Applicable Law

Petitioner's ineffective assistance of counsel claim is analyzed under the two-prong standard of Strickland v. Washington, 466 U.S. 668, 687-88, 693-94 (1984), under which he must: (1) demonstrate that his counsel's representation fell below "an objective standard of reasonableness," and (2) "affirmatively prove prejudice." Id.; see also Campusano v. United States, 442 F.3d 770, 773 (2d Cir. 2006). As to the first prong, the Supreme Court has held that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). With respect to prejudice, if, in failing to file notice of

6

appeal, the error led to "the forfeiture of a proceeding itself," prejudice is presumed. Id. at 483-84.

When an attorney "fails to file a requested appeal, a defendant is entitled to a new appeal without showing that his appeal would likely have had merit." Id. at 478 (quoting Peguero v. United States, 526 U.S. 23, 28 (1999)). Critically for our purposes, this is true even if the defendant explicitly waived his right to appeal via a plea agreement. Campusano, 442 F.3d at 775. As the Second Circuit has made clear, criminal defense attorneys are obliged to file appeals on their clients' behalf -- even if doing so would be frivolous in light of a waiver of the right to appeal -- if they receive clear requests to do so. See id. at 774. Campusano also makes clear that when a § 2255 petition asserts that a defense attorney ignored instructions from a client to file a direct appeal, we cannot simply dispose of the petition on the ground that "the hypothetical appeal" appears to be "frivolous on collateral review" in light of a waiver. Id. at 775. It is for this reason that we reject the government's argument that the petition can be denied simply because the petitioner waived his right to a direct appeal and/or collateral review.

Nevertheless, we are empowered to conduct an inquiry to "determine whether [petitioner] in fact instructed his attorney to file an appeal." Id. at 777. In making this determination,

7

we have discretion to determine whether a formal hearing is required, id. at 776, because merely filing a § 2255 motion "does not entitle petitioner automatically to a hearing," Newfield v. United States, 565 F.2d 203, 207 (2d Cir. 1977). Accordingly, summary dismissal may be appropriate if petitioner is unable to raise "detailed and controverted issues of fact." Id.

Another possible approach, which we choose to employ in this case, is the so-called "middle road" approach, whereby we decide "disputed facts on the basis of written submissions." Pham v. United States, 317 F.3d 178, 184 (2d Cir. 2003). Having examined the written record, we conclude that a full-blown evidentiary hearing would be unnecessary and therefore opt for this "middle road" approach.

Just as in Chang, we find that summary dismissal of petitioner's § 2255 claim would be inappropriate in light of the fact dispute at issue. See Chang, 250 F.3d at 85. However, "the record was supplemented by a detailed affidavit from [sentencing] counsel credibly describing the circumstances concerning" petitioner's request to appeal the sentence, or lack thereof. Id. Thus, "with that submission[,] the record [is] sufficient" to support a determination without a testimonial evidentiary hearing. Id.

**B.   Analysis**

Lippel's affidavit unequivocally explains that petitioner never, in fact, asked that an appeal be filed on his behalf. Lippel states that prior to petitioner's plea, they "discussed various provisions of the plea agreement, including specifically the one that Pastures would not 'file a direct appeal, nor litigate under Title 28, United States Code, Section 2255.'" (Lippel Aff. ¶ 6 (quoting Plea Agreement).)   Lippel further states that during that discussion, "Pastures indicated to me, in substance and in part, that he understood the nature of the waiver of appeal provision." (Id.)   Lippel adds that "[a]t no time -- either before or after Pastures was sentenced -- did Pastures ever request that I file a notice of appeal on his behalf." (Id. ¶ 9.)   Lippel's affidavit concludes by confirming that, in accordance with Second Circuit precedent, "[i]t is my typical practice that if a defendant asks me to file a notice of appeal, regardless of my view of the merits of the appeal, I will file the notice." (Id. at ¶ 11.)

Lippel's affidavit is buttressed by telephone records from Fort Dix.   None of Lippel's telephone numbers appear on the list of numbers that petitioner was permitted to call, and petitioner never requested permission from his counselor to make an unmonitored telephone call.   (See Respondent's Letter to the Court, dated July 13, 2009.)

9

Petitioner has wholly failed to rebut this evidence.  He broadly insists that the government "cannot prove that Lippel received" a "consent not to file a direct appeal notice." (Petitioner's Motion in Traverse to the Letter Submitted by the Justice Department in Response to Petitioner's § 2255, dated August 13, 2009, at 2 (emphasis added).)  This is, of course, a complete inversion of both petitioner's burden of proof on this petition (it is he who must show that a request was made to file an appeal) and of the standard that governs Lippel's conduct (an attorney is not required to obtain a "consent not to file a direct appeal").

Petitioner further maintains, rather incredibly, that Lippel's affidavit is actually proof that he asked Lippel to file an appeal. As petitioner puts it:

Lippel also admits that the waiver of appeal provision was discussed. It stands to reason that if the waiver of appeal provision was discussed, then the question of appeal came up. . . . The discussion of the appeal waiver is enough to show that Pastures as a rational defendant wanted to appeal.

Id. Of course, it does not follow that because Lippel discussed the waiver provision with petitioner, that petitioner therefore informed his attorney that he should file an appeal.  In fact, petitioner has done nothing more than implicitly confirm Lippel's testimony that they discussed the waiver-of-appeal

10

provision in the plea agreement but never contemplated filing an appeal in any event.

Lippel's account is further corroborated by numerous letters that were sent by petitioner to Lippel in 2008. The first of these letters (which were submitted to the Court by petitioner) is dated July 11, 2008, over seven months after petitioner's conviction became final. The letter asks Lippel for petitioner's file but conspicuously fails to mention that any sort of request had earlier been made for Lippel to file a notice of appeal. The fact that petitioner waited so long to contact his lawyer following the conviction, and then did not mention a missed appeal, further suggests that no request was ever made for Lippel to file an appeal. Petitioner wrote to Lippel on three other occasions -- in October, November, and December 2008 -- but, again, none of these letters refers to an unfiled notice of appeal.

Petitioner has had numerous opportunities to submit specific proof of his request for an appeal, but he has failed to do so. Indeed, the record decisively refutes petitioner's account, and it appears that petitioner's "attack on the performance of his counsel is nothing more than a thinly-veiled endeavor to circumvent the waiver of his right to challenge his sentence." Nicholson, 566 F. Supp. 2d at 304.

11

## CONCLUSION

For the reasons set forth above, the petition is denied. As petitioner has not made a substantial showing of denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253; see also United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1101, 1016-17 (2d Cir. 1997).  Pursuant to 28 U.S.C. § 1915(a)(3), it is hereby certified that any appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated:    New York, New York
          July 7, 2010

                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE

12

Copies of the foregoing Order have been mailed on this date to
the following:

**Petitioner**
Raymond Pastures
Reg. No. 33186-183
FCI Fort Dix
P.O. Box 2000 West
Fort Dix, NJ 08640

**Attorneys for Respondent**
Daniel W. Levy
E. Danya Perry
Office of the U.S. Attorney
Criminal Division
1 St. Andrew's Plaza
New York, NY 10007